LURA RAYMOND, Individually and as Administratrix of the Estate of THOMAS E. RAYMOND, Deceased, and Another, Plaintiffs, *v.* CITY OF NORTH TONAWANDA, Defendant.

County Court, Niagara County, October 17, 1932.

*Ward, Flynn, Spring & Tillou* [*Harold J. Tillou* of counsel], for the plaintiffs.

*Milton E. Praker*, for the defendant.

GOLD, J. Thomas E. Raymond was a volunteer fireman, being an active member of Columbia Hook and Ladder Company No. 1 of the city of North Tonawanda, N. Y. Said Columbia Hook and Ladder Company is a membership corporation, organized under the Membership Corporations Law of the State of New York. The city of North Tonawanda hires drivers of its fire apparatus and janitors of the fire houses, consisting of eighteen men. These constitute the entire paid force connected with the fire department of said city. They work on full time and are distributed among the various fire stations of said city. In addition, there are several volunteer firemen in said city, the membership of the Columbia Hook and Ladder Company in that respect being upwards of ninety volunteer firemen. Each pays a membership fee of five dollars when admitted and each has to pay annual dues. The dues of said Thomas E. Raymond were paid in full up to and including the time of his death.

All the paid men are under the Civil Service Law and have the rating of firemen thereunder. All have the rating of firemen under the State retirement system and as such secure the benefit of the lowest rate of payment into the State fund.

On February 25, 1929, the common council of said city passed a resolution which reads as follows:

" *Resolved*, That the Common Council of the City of North Tonawanda and State of New York approve of the inclusion of the officers and employees of the City of North Tonawanda in the

New York State Employees' Retirement System, which system is provided for by Chapter 741 of the Laws 1920, as amended, being Article 4 of the civil service law and which inclusion, together with the conditions of same, is provided for by Chapter 591 of the Laws of 1922 as amended by Chapter 708 of the Laws of 1923, being Article 5 of the civil service law."

They are prohibited by the State from maintaining any other pension system. All of the paid men have joined the State retirement system and at the time of death of decedent were still members. The volunteer firemen get no pay whatever, except that in emergencies and fires of long duration, they may be paid day wages for fire watch. No pension system exists in the city of North Tonawanda for the benefit of the paid members of its fire department. The volunteer firemen have no pension system of any kind and are not members of the State retirement system.

Thomas E. Raymond was killed November 28, 1930, at nine o'clock P. M., at 276 Oliver street in the city of North Tonawanda while attending a regular fire alarm at that station. At the time of his death he was engaged in his duties as a volunteer fireman of that city.

A controversy has arisen as to whether or not the widow of the deceased Thomas E. Raymond is entitled to the pension prescribed in section 205, subdivision 1, paragraph a, of the General Municipal Law, or to the sum of $2,500, as provided in section 205, subdivision 1, paragraph b, of said law.

The plaintiff has presented a claim demanding payment of the pension. The defendant contends that the widow is entitled to be paid the sum of $2,500 under subdivision 1, paragraph b, and not the pension referred to in subdivision 1, paragraph a. Section 205, subdivision 1, paragraph a, provides as follows: " If such volunteer fireman is a member of a volunteer fire company *located in any city in which a pension fund is maintained,* the relatives of such volunteer fireman shall be entitled to a pension in the same manner and at the same rates as if he were a member of the paid fire department of such city."

If the city of North Tonawanda is a city " in which a pension fund is maintained " then the position of the plaintiff is tenable.

The plaintiff contends that what the Legislature did in adopting the State retirement system was to substitute said system in the place of all local pension systems, and that a municipality which takes advantage of said system, so far as its paid employees are concerned, is maintaining a pension system within the contemplation of section 205, subdivision 1, paragraph a, of said General Municipal Law.

The defendant relies on subdivision 1, paragraph b, which states: "If in a city not maintaining a pension fund for the benefit of the members of the paid fire department therein, such city shall pay to the executor or administrator of such deceased volunteer fireman the sum of twenty-five hundred dollars."

The paid members of the fire department have elected to participate in the New York State employees' retirement system. The procedure for the participation of such group in such retirement system is outlined by section 76 of the Civil Service Law.

When the transfer is approved, that section provides that "The operation of the local pension system shall be discontinued as of the date of the approval." Section 75 of the Civil Service Law, in the first sentence thereof, specifically excludes membership in the New York State retirement system to city officials or employees who are eligible to participate "in a retirement system wholly or partly maintained at the expense of a * * * city * * * of the State of New York, * * *." In order, therefore, that a group of city employees can apply for membership or be admitted to membership in the New York State employees' retirement system, they must abolish their local pension fund or system.

The fact that the paid members of the fire department of said city are members of said retirement system cannot be interpreted to mean that such city is maintaining a pension fund, as contemplated by section 205, subdivision 1, paragraph a, of the General Municipal Law.

Therefore, the administratrix of the deceased is entitled to the sum of $2,500, as provided in section 205, subdivision 1, paragraph b, of the General Municipal Law.